IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                       CRIMINAL ACTION NO. 3:12-CR-58(5)
                                          (JUDGE GROH)

**JENNY DAVIS,**

    Defendant.

## ORDER DENYING MOTION TO REDUCE SENTENCE

Currently pending before the Court is a letter filed by the *pro se* Defendant on January 16, 2014 [Doc. 338]. The Court construes this letter as a Motion to Reduce Sentence because the Defendant asks whether anything that she has done or can do will allow her to return home before September 2017. *See id.* at 2. In this case, the Defendant pled guilty to one count of aiding and abetting the distribution of cocaine base within 1000 feet of a school in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), 21 U.S.C. § 860, and 18 U.S.C. § 2. On March 18, 2013, the Court sentenced her to a seventy-month term of imprisonment to run consecutively to any other state sentence for probation revocation, to be followed by six years of supervised release.

18 U.S.C. § 3582(c) provides a district court with authority, under certain circumstances, to reduce a sentence already imposed:

    (c)    Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—

            (1)    in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[1]; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In support of her request for a sentence reduction, the Defendant informs the Court

---

[1] Under Rule 35, a court may reduce a sentence in only two circumstances: (1) to correct, within fourteen days after sentencing, a clear error in arithmetic; or (2) upon the government's motion made within one year of sentencing, if the defendant provided substantial assistance in investigating or prosecuting another person. FED. R. CRIM. P. 35(a)-(b). Neither of these grounds applies in this case.

that she has completed a six-month non-residential drug abuse treatment program, is working on obtaining her GED, and has not had any write-ups since her imprisonment. The Court commends the Defendant for completing the treatment program, pursuing her GED, and all of the other progress that she has made. However, the Court has no authority to modify the Defendant's sentence on the basis asserted, for two reasons.

First, most statutory authority for sentence reductions requires either the Bureau of Prisons or the Government to file a motion. *See* 18 U.S.C. § 3582(c)(1)(A)-(B). Here, the Defendant has filed the instant motion.

Second, a § 3582(c)(2) reduction, the only remaining basis, does not apply to the Defendant. Pursuant to § 3582(c)(2), a court may reduce a term of imprisonment that was imposed using a sentencing range that the Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o). Here, the Defendant was sentenced pursuant to § 2D1.2 of the Sentencing Guidelines. At the time of Defendant's sentencing, and presently, § 2D1.2(a)(2) sets a base offense level of 27 for an offense involving at least 100 kilograms, but less than 400 kilograms, of marijuana (or marijuana equivalency) for defendants convicted under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860.[2] *Compare* U.S.S.G. § 2D1.2(a)(2) (2012) *and* U.S.S.G. §

---

[2] Under U.S.S.G. § 2D1.2(a)(2), the base offense level is one plus the offense level from U.S.S.G. § 2D1.1 applicable "to the total quantity of controlled substances involved in the offense." The parties stipulated that the Defendant's total drug relevant conduct was 68.1 grams of cocaine base and 2.76 grams of cocaine hydrochloride. Pursuant to Application Note 8(B) to § 2D1.1, the cocaine base and cocaine hydrochloride were converted into marijuana equivalencies for purposes of obtaining a single offense level. According to Application Note 8(D), 1 gram of cocaine base is equivalent to 3,751 grams of marijuana. Thus, 68.1 grams of cocaine base is equivalent to 243.185 grams of marijuana. 1 gram of cocaine hydrochloride is equivalent to 200 grams of marijuana. Thus, 2.76 grams of cocaine hydrochloride is

3

2D1.1(c)(7) (2012), *with* U.S.S.G. § 2D1.2(a)(2) (2013) *and* U.S.S.G. § 2D1.1(c)(7) (2013). Thus, the Sentencing Commission has not lowered the Defendant's sentencing range.

For the foregoing reasons, the Court **DENIES** the Defendant's Motion to Reduce Sentence.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** January 27, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE

---

equivalent is 552 grams of marijuana. The total marijuana equivalency in the Defendant's case therefore was 243.737 kilograms, constituting an offense level of 26 pursuant to § 2D1.1(c)(7). Adding one level pursuant to U.S.S.G. § 2D1.2(a)(2) leads to a base offense level of 27.