# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG

**UNITED STATES OF AMERICA,**

       Plaintiff,

**v.**

                                                  **CRIMINAL ACTION NO. 3:12-CR-58-2**
                                                  **(JUDGE GROH)**

**SABRINA DEHAVEN,**

       Defendant.

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

Currently pending before the Court is a Motion for Sentence Reduction filed by the *pro se* Defendant on February 3, 2014 [Doc. 342]. In this case, the Defendant pled guilty to one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On March 18, 2013, the Court sentenced her to a thirty-seven term of imprisonment, to be followed by three years of supervised release.

18 U.S.C. § 3582(c) provides a district court with authority, under certain circumstances, to reduce a sentence already imposed:

> (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

   (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[1]; and

  (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

  In her motion, the Defendant requests that the Court reduce her sentence by six to twelve months. She avers that her Counsel requested a sentence of twenty-four months' imprisonment. The Government, she alleges, objected to this request on the basis that a thirty-one month term of imprisonment was needed for her to participate in the Residential Drug Abuse Program ("RDAP") and that completion of RDAP would reduce her sentence

---

[1] Under Rule 35, a court may reduce a sentence in only two circumstances: (1) to correct, within fourteen days after sentencing, a clear error in arithmetic; or (2) upon the government's motion made within one year of sentencing, if the defendant provided substantial assistance in investigating or prosecuting another person. **FED. R. CRIM. P.** 35(a)-(b). Neither of these grounds applies in this case.

to approximately seventeen months. The Defendant states that she is participating in RDAP and expects to complete it in March 2014. However, she avers that a past conviction will prevent her from receiving a sentence reduction based on her completion of RDAP. She accordingly requests that the Court reduce her sentence.

The Court commends the Defendant for participating in RDAP and all of the other progress that she has made. However, the Court has no authority to modify her sentence on the basis asserted, for two reasons.

First, most statutory authority for sentence reductions requires either the Bureau of Prisons or the Government to file a motion. *See* 18 U.S.C. § 3582(c)(1)(A)-(B). Here, the Defendant has filed the instant motion.

Second, a § 3582(c)(2) reduction, the only remaining basis, does not apply to the Defendant. Pursuant to § 3582(c)(2), a court may reduce a term of imprisonment that was imposed using a sentencing range that the Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o). Here, the Defendant was sentenced pursuant to § 2D1.1 of the Sentencing Guidelines. At the time of Defendant's sentencing, and presently, § 2D1.1(c)(10) sets a base offense level of 20 for an offense involving at least 40 kilograms, but less than 60 kilograms, of marijuana (or marijuana equivalency) for defendants convicted under 21 U.S.C. § 841(a)(1) and (b)(1)(C).[2] *Compare* U.S.S.G. § 2D1.1(c)(10) (2012), *with* U.S.S.G. § 2D1.1(c)(10)

---

[2] Under U.S.S.G. § 2D1.1(a)(5), the base offense level is the "offense level specified in the Drug Quantity Table set forth in subsection (c)." The parties stipulated that the Defendant's total drug relevant conduct was 9.33 grams of cocaine base, 91.18 grams of cocaine hydrochloride, and 0.366 gram of heroin. Pursuant to Application Note 8(B) to § 2D1.1, the cocaine base, cocaine hydrochloride, and heroin are converted into marijuana equivalencies for purposes of obtaining a single offense level. According to

(2013). Thus, the Sentencing Commission has not lowered the Defendant's sentencing range.

For the foregoing reasons, the Court **DENIES** the Defendant's Motion for Sentence Reduction.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** February 6, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE

---

Application Note 8(D), 1 gram of cocaine base is equivalent to 3,751 grams of marijuana. Thus, 9.33 grams of cocaine base is equivalent to 33.317 kilograms of marijuana. 1 gram of cocaine hydrochloride is equivalent to 200 grams of marijuana. Thus, 91.18 grams of cocaine hydrochloride is equivalent is 18.236 kilograms of marijuana. 1 gram of heroin is equivalent to 1 kilogram of marijuana. Thus, 0.366 gram of heroin is equivalent to 0.366 kilogram of marijuana. The total marijuana equivalency in the Defendant's case therefore was 51.919 kilograms of marijuana, constituting a base offense level of 24 pursuant to § 2D1.1(c)(10).